In re Robert A. EVANS, Sr., Debtor.

Bankruptcy No. 81–01849G.

United States Bankruptcy Court,
E. D. Pennsylvania.

Sept. 4, 1981.

Jack K. Miller, The Bankruptcy Clinic, Inc., Philadelphia, Pa., for debtor, Robert A. Evans, Sr.

Laurence Gerard Miller, Montgomery, McCracken, Walker & Rhoads, Philadelphia, Pa., for North East Federal Savings and Loan Association, creditor objecting to confirmation of debtor's plan.

## MEMORANDUM ORDER

THOMAS M. TWARDOWSKI, Bankruptcy Judge:

ORDERED that the motion of the debtor, Robert H. Evans, Sr., to quash the objection of North East Federal Savings and Loan Association ("North East") to the confirmation of the debtor's chapter 13 plan be, and the same hereby is, DENIED; and it is further

ORDERED that the debtor shall have ten (10) days from the date of this order to file a response to North East's objection and a hearing thereon shall be held on October 20, 1981, at 10:00 A.M.

Prior to the hearing on confirmation of the debtor's chapter 13 plan, North East filed an objection to the confirmation of that plan. Although North East served copies of that objection on the debtor's attorney and the chapter 13 standing trustee prior to the confirmation hearing, North East failed to serve a copy of the objection on the debtor himself before the confirmation hearing as required by Rules 914 and 704 of the Rules of Bankruptcy Procedure. The debtor thereupon filed a motion to quash the objection of North East for failure to serve the debtor therewith. At the confirmation hearing, we held that motion under advisement.

Thereafter, North East filed a memorandum in opposition to the motion to quash asserting that it has since served the debtor and that, therefore, the debtor has not been prejudiced in any way by North East's failure to serve him initially. We agree. Rule 704(h) of the Rules of Bankruptcy Procedure provides in part:

(h) Effect of Errors; Amendment. Service of process under this rule shall be effective notwithstanding an error in the papers served or the manner or proof of service if no material prejudice resulted therefrom to the substantial rights of the party against whom the process issued.

Since the confirmation hearing has already been continued and since the defect in service has apparently been cured, we conclude that no material prejudice to the debtor's substantial rights will result from our considering the merits of North East's objection to confirmation. Consequently, we will address the merits of that objection after giving the debtor an opportunity to submit a response and brief on that issue.